UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MARCUS DEWAYNE MCQUEEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:22-cv-00958-ACA-HNJ |
| ) | |
| ERSKIN MATHIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

On August 5, 2022, the magistrate judge entered a report recommending that the court deny *pro se* Plaintiff Marcus Dewayne McQueen's motion to proceed *in forma pauperis* (doc. 2) and dismiss this 42 U.S.C. § 1983 action without prejudice pursuant to the three strikes provision of 28 U.S.C. § 1915(g). (Doc. 4).

This matter is currently before the court for review of Mr. McQueen's timely objections to the magistrate judge's report and recommendation (doc. 6); his motion to rehear cases (doc. 7); and his successive motion for leave to proceed *in forma pauperis* (doc. 5).

The court considers each of Mr. McQueen's filings below, beginning with his objections to the report and recommendation and then turning to his motion to rehear cases. Because neither of these filings persuade the court that the magistrate judge erred in recommending dismissal of this action, the court **WILL ADOPT**

the magistrate judge's report and **WILL ACCEPT** his recommendation; (2) **WILL DENY** Mr. McQueen's motions for leave to proceed *in forma pauperis* (docs. 2, 5) and his motion to rehear cases (doc. 7); and (3) **WILL DISMISS** this case **WITHOUT PREJUDICE**.

I.   Objections to Report and Recommendation

In his objections to the magistrate judge's report and recommendation, Mr. McQueen does not dispute that he previously filed at least three cases or appeals that courts dismissed as frivolous or for failing to state a claim upon which relief may be granted. (*See* doc. 6). Therefore, the court need only consider whether Mr. McQueen satisfies the "imminent danger of serious physical injury" exception contained in 28 U.S.C. § 1915(g). *See*, *e.g.*, *Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021) ("A prisoner with three strikes can avoid § 1915(g)'s bar to proceeding IFP only by showing that he is under imminent danger of serious physical injury.") (quotation marks omitted); *Mitchell v. Nobles*, 873 F.3d 869, 872 (11th Cir. 2017) ("[T]he sole exception to the three strikes bar is where 'the prisoner is under imminent danger of serious physical injury.'") (quoting 28 U.S.C. § 1915(g)).

Mr. McQueen argues that his complaint demonstrates an imminent danger of serious physical injury. (Doc. 6 at 2). But his complaint concerns "matters dealing with the unlawful representation at [Mr. McQueen's] September 20, 2005 trial."

2

(Doc. 1 at 5). And the factual allegations in Mr. McQueen's complaint do not support a finding that he faced a danger of serious physical injury at that time. (*See* doc. 1). Even if Mr. McQueen faced serious physical injury in 2005, Mr. McQueen still could not invoke the exception contained in § 1915(g) because to satisfy the exception, a "prisoner must show he is in imminent danger 'at the time that he seeks to file his suit in district court....'" *Daker*, 999 F.3d at 1310–11 (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999)). Nothing contained in Mr. McQueen's complaint (doc. 1) or objections (doc. 6) demonstrates that Mr. McQueen was in imminent danger at the time sought to file this action.

Mr. McQueen next argues that he faces imminent danger of serious physical injury because "[h]its have been placed on [his] head by criminal[s] in and out of prison due to" a "wrongful, unlawful incarceration." (Doc. 6 at 2). This conclusory statement without any supporting factual allegations does not suffice to overcome § 1915(g)'s three strikes bar. *See Daker*, 999 F.3d at 1311 ("General assertions, however, are 'insufficient to invoke the exception to § 1915(g) absent specific factual allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.") (quotation marks omitted).

Accordingly, the court **OVERRULES** Mr. McQueen's objections to the magistrate judge's report and recommendation.

II.    Motion to Rehear Cases

In his motion to rehear cases, Mr. McQueen appears to argue that the cases the magistrate judge cited in his report to support his finding that Mr. McQueen is subject to § 1915(g)'s three strikes provision should be reheard because those courts acted as an attorney for the defendants when the courts dismissed Mr. McQueen's cases. (*See* Doc. 7 at 3). The court disagrees.

Under 28 U.S.C. § 1915(e)(2), a district court is required to dismiss a frivolous or malicious action as well as those actions in which a plaintiff fails to state a claim upon which relief can be granted if the plaintiff proceeds *in forma pauperis*. Similarly, under 28 U.S.C. § 1915A, a district court must dismiss a frivolous or malicious action as well as those actions in which a plaintiff fails to state a claim upon which relief can be granted if a prisoner brings the action against a governmental entity or officer or employee of a governmental entity. As the report and recommendation explains, in each of the cases upon which the magistrate judge relied to find that Mr. McQueen is subject to § 1915(g)'s three strikes bar, the district courts dismissed Mr. McQueen's complaints pursuant to these mandatory statutory provisions. (Doc. 4 at 2–3). Accordingly, no court acted as an attorney for the defendants in those cases. Therefore, the court **WILL DENY** Mr. McQueen's motion to rehear cases. (Doc. 7).

III.  Conclusion

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and Mr. McQueen's objections, the court **WILL ADOPT** the magistrate judge's report and **WILL ACCEPT** his recommendation.

The court **WILL DENY** Mr. McQueen's motions for leave to proceed *in forma pauperis*. (Docs. 2, 5). The court **WILL DENY** Mr. McQueen's motion to rehear cases. (Doc. 7).

Because Mr. McQueen failed to pay the filing and administrative fees of $402.00 at the time he filed this complaint, the court **WILL DISMISS** this action **WITHOUT PREJUDICE**. Mr. McQueen may initiate a new civil rights action by completing and filing a new civil rights complaint form and paying the filing and administrative fees of $402.00.

The court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this October 13, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE